Harijot S. Khalsa, Esq. (SBN 277242)
Debbie P. Kirkpatrick, Esq. (SBN 207112)
Damian P. Richard, Esq. (SBN 262805)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Ste 150
San Diego, CA  92108
Tel:    619/758-1891
Fax:   619/296-2013
hskhalsa@sessions.legal
dkirkpatrick@sessions.legal
drichard@sessions.legal

Attorneys for Defendant Gatestone & Co. International, Inc.;
Nicholas C. Wilson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA LEE CARLSON, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>     vs.<br><br>GATESTONE & CO. INTERNATIONAL, INC. a Delaware corporation; NICHOLAS C. WILSON, individually and in his official capacity; and DOES 1 through 10, inclusive.<br><br>           Defendants. | Case No:<br><br>**NOTICE OF REMOVAL** |

NOW INTO COURT, through undersigned counsel, comes defendant, Gatestone & Co. International, Inc., ("GCI") and, pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq.*, hereby removes from the Superior Court of the State of California, County of Santa Clara, the following described and captioned lawsuit and respectfully shows:

1. GCI is a named defendant in a civil action that was filed on February 23, 2017 in the Superior Court for the State of California, County of Santa Clara, captioned Linda Lee Carlson v. Gatestone & Co. International, Inc. and Nicholas C. Wilson; Case No. 17 CV306698.

2. Pursuant to 28 U.S.C. §§ 1441 and 1446, GCI removes the action to this Court, which is the judicial district in which the state court action is currently pending.

3. Removal is proper under 28 U.S.C. §§ 1441, *et seq.* If the action had originally been brought in this Court, this Court would have had original diversity jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 exclusive of interest and costs, and the action is between citizens of different states.

4. A copy of all process and pleadings in the state court action is being filed with this notice. *See* Exhibit A.

5. This notice is filed within 30 days after service of the state court action on GCI, which occurred on March 3, 2017, and is therefore timely pursuant to 28 U.S.C. § 1446(b).

### i. *The amount in controversy exceeds $75,000*

6. The amount in controversy exceeds $75,000. Plaintiff asserts that she is entitled to statutory damages of $1,000 against each defendant, and that she is entitled to treble these damages pursuant to California Civil Code §3345, for total statutory damages of $6,000. (*See* Exhibit A, Plaintiff's Complaint pg. 12).

7. Plaintiff's Complaint indicates that the total amount in controversy is limited to $74,999, disclaiming any compensatory damages, punitive damages, declaratory, injunctive or equitable relief greater than $74,999. (Complaint ¶ 8). Critically though, Plaintiff has not disclaimed entitlement to attorney's fees greater than $74,999 in this disclaimer so Plaintiff's attempted limitation is ineffective.

8. Typically, attorney's fees are not considered as part of the amount in controversy for diversity purposes. However, where an underlying statute authorizes an award of attorney's fees, such fees may be included in calculating the amount in controversy. *Brady v. Mercedes-Benz USA, Inc.*,

243 F. Supp. 2d 1004, 1010 (N.D. Cal. 2002). The Rosenthal Fair Debt Collection Practices Act authorizes an award of attorney's fees. *See* Cal. Civ. Code § 1788.17. Plaintiff has in fact requested attorney's fees in her Complaint. (Complaint pg. 12).

9. A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010–11 (N.D. Cal. 2002); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002)

10. Counsel for Plaintiff bill at an hourly rate of between $500 (Attorney Schwinn) to $400 (Attorney Roulston) for similar cases brought pursuant to the Rosenthal Fair Debt Collection Practices Act. *See*, *Jacobson v. Persolve, LLC*, No. 14-CV-00735-LHK, 2016 WL 7230873, at *5 (N.D. Cal. Dec. 14, 2016); *Martell v. Baker*, No. 14-CV-04723-BLF, 2015 WL 3920056, at *2 (N.D. Cal. June 25, 2015)

11. If this putative class action were litigated through trial, it is reasonable to conservatively estimate that at least 160 hours in attorney's time would be billed by counsel for Plaintiff. Assuming that 50 percent of the time was billed by Attorney Schwinn and 50 percent by Attorney Roulston, the effective hourly rate would be $450, for estimated attorney's fees of at least $72,000.

*See, e.g. Garcia v. Resurgent Capital Servs., L.P.*, No. C-11-1253 EMC, 2012 WL 3778852, at *9 (N.D. Cal. Aug. 30, 2012) (Over 540 hours billed on an FDCPA and RFDCPA case litigated for one year); *Jacobson v. Persolve, LLC*, No. 14-CV-00735-LHK, 2016 WL 7230873, at *5 (N.D. Cal. Dec. 14, 2016) (over 340 hours billed on an FDCPA and RFDCPA case); *Alonso v. Blackstone Fin. Grp.. LLC*, No. 1:11-CV-01693-SAB, 2014 WL 788338, at *6 (E.D. Cal. Feb. 25, 2014) (awarding 393.5 hours billed on an FDCPA and RFDCPA case litigated through trial)

12. While GCI denies any wrongdoing, Plaintiff's alleged damages and attorney's fees place the amount in controversy in excess of $75,000 exclusive of interest and costs. The amount in controversy in this action therefore meets the jurisdictional requirement for federal diversity jurisdiction under 28 U.S.C. § 1332.

   ii. ***There is complete diversity of citizenship between plaintiff and defendants***

13. There is complete diversity of citizenship in this action between Plaintiff and Defendants, as required for federal diversity jurisdiction under 28 U.S.C. § 1332.

14. Plaintiff Linda Lee Carlson is a California resident and domiciliary, and is therefore a citizen of the state of California.

15. Defendant GCI is incorporated in the State of Delaware, and has a principal place of business in the State of Arizona.

16. Defendant Nicholas Wilson is a citizen of the Country of Canada.

17. Because Plaintiff does not share a common state of citizenship with any defendant, the complete diversity of citizenship requirement for federal diversity jurisdiction under 28 U.S.C. § 1332(a) is satisfied.

### iii.   *Nicholas C. Wilson Consents to the Removal*

18. Counsel for GCI will also be representing Nicholas C. Wilson in this litigation.  He consents to the removal of this action to federal court.

WHEREFORE, based upon this Court's diversity jurisdiction, defendant, Gatestone & Co. International, Inc., respectfully requests that this case proceed in this Court, as an action properly removed from the Superior Court for the State of California, County of Santa Clara.

Dated:  3/31/2017              SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

*/s/Harijot S. Khalsa*
Harijot S. Khalsa
Attorney for Defendant
Gatestone & Co. International, Inc.,
Nicholas C. Wilson

Notice of Removal

6