Exhibit A

| SUMMONS<br>(CITACION JUDICIAL) | | SUM-100 |
|---|---|---|
| | | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GATESTONE & CO. INTERNATIONAL, INC., a Delaware corporation;
NICHOLAS C. WILSON, individually and in his official capacity;
and DOES 1 through 10, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LINDA LEE CARLSON, individually and on behalf of all others similarly situated.

ENDOR'
2017 FEB 23 P

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of Santa Clara County
191 North First Street
San Jose, CA 95113

**CASE NUMBER:**
*(Número del Caso):*
17CV306698

17CV306698

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Fred W. Schwinn (SBN 225575)  Consumer Law Center, Inc.
12 South First Street, Suite 1014  (408) 294-6100
San Jose, California 95113-2418

DATE: FEB 2 3 2017         Clerk, by Q. _____, Deputy
*(Fecha)*                    *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Gatestone +Co. International, Inc.
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]    **Essential Forms**

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
LINDA LEE CARLSON

RECEIVED MAR 0 1 17 BY TORONTO

ENDORSED
2017 FEB 23 P 2: 17
G. DUARTE

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

17CV306693

LINDA LEE CARLSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

GATESTONE & CO. INTERNATIONAL, INC., a Delaware corporation; NICHOLAS C. WILSON, individually and in his official capacity; and DOES 1 through 10, inclusive,

Defendants.

Case No.
(Unlimited Civil Case)

**CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES**

California Civil Code § 1788 *et seq.*
California Civil Code § 1812.700 *et seq.*

Plaintiff, LINDA LEE CARLSON, on behalf of herself and all others similarly situated, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

### INTRODUCTION

1. This is a consumer class action brought pursuant to the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, and California Civil Code §§ 1812.700-1812.702 which requires that California consumers be provided a "Consumer Collection Notice."

2. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

California Civil Code § 1788.1(a)(1).

3. Plaintiff, LINDA LEE CARLSON, on behalf of herself and all persons similarly situated, seeks statutory damages against Defendants arising from their routine practice of sending initial written communications, like the one sent to Plaintiff, which fail to provide the "Consumer Collection Notice" required by California Civil Code § 1812.700(a), in a type-size that is at least the same type-size as that used to inform the debtor of his or her specific debt or in at least 12-point type, in violation of California Civil Code § 1812.701(b).

4. As a result, Defendants have engaged in unlawful acts in connection with their attempt to collect defaulted consumer debts from Plaintiff and the Class.

## JURISDICTION AND VENUE

5. The California Superior Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10 and California Constitution Article VI, § 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts." This Court also has jurisdiction over this action pursuant to California Civil Code § 1788.30(f), which provides for enforcement in any court of competent jurisdiction. The statutes under which this action is brought do not grant jurisdiction to any other trial court in California.

6. This Court has jurisdiction over each Defendant named herein because, based on information and belief, each Defendant is a corporation or association authorized to do business in California and registered with the California Secretary of State, or does sufficient business, has sufficient minimum contacts in California, is a citizen of California, or otherwise intentionally avails

itself of the California market through the promotion, sale, marketing and/or distribution of goods and services in California and thereby having such other contacts with California so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

7. Venue is proper in the Santa Clara County Superior Court, pursuant to California Code of Civil Procedure §§ 395 and 395.5, because one or more of the violations alleged in this Complaint arise in the County of Santa Clara. Venue is also proper in the Santa Clara County Superior Court, pursuant to California Code of Civil Procedure § 395(b), because this action arises from an extension of credit intended primarily for personal, family or household use and Plaintiff (the alleged borrower) resided in the County of Santa Clara at the commencement of this action.

8. The total amount in controversy as to Plaintiff and each member of the Proposed Class does not exceed seventy-four thousand, nine hundred and ninety-nine dollars ($74,999) each, exclusive of interest and costs. Plaintiff disclaims any compensatory damages, punitive damages, declaratory, injunctive, or equitable relief greater than ($74,999) per individual Class member. Plaintiff and the Proposed Class limit their total class wide claims to less than four million, nine hundred and ninety-nine thousand, nine hundred and ninety-nine dollars ($4,999,999.00).

9. Plaintiff and the proposed Class seek only statutory damages in this action and do not allege in this Class Action Complaint for Statutory Damages that they, or any of them, have suffered a concrete injury within the meaning of Article III of the United States Constitution and the Supreme Court's related interpretation.[1]

## PARTIES

10. Plaintiff, LINDA LEE CARLSON (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "debtor" as that term is defined by California

---

[1] See, *Spokeo, Inc. v. Robins*, ___ U.S. ___, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016).

Civil Code § 1788.2(h) and a "senior citizen" within the meaning of California Civil Code § 1761(f).

11. Defendant, GATESTONE & CO. INTERNATIONAL, INC. (hereinafter "GATESTONE"), is a Delaware corporation engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 455 North 3rd Street, Suite 260, Phoenix, Arizona 85004. GATESTONE may be served as follows: Gatestone & Co. International, Inc., c/o The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801. The principal business of GATESTONE is the collection of defaulted consumer debts using the mails and telephone, and GATESTONE regularly attempts to collect defaulted consumer debts alleged to be due another. GATESTONE is a "debt collector" as that term is defined by California Civil Code § 1788.2(c). GATESTONE is a "third-party debt collector subject to the federal Fair Debt Collection Practices Act (15 U.S.C. Sec. 1692 et seq.)", within the meaning of California Civil Code § 1812.700(a).

12. Defendant, NICHOLAS C. WILSON (hereinafter "WILSON"), is a natural person and is or was an employee, agent, officer and/or director of GATESTONE at all relevant times. WILSON may be served at his current business address at: Nicholas C. Wilson, Gatestone & Co. International, Inc., 455 North 3rd Street, Suite 260, Phoenix, Arizona 85004, and at his residence address at: Nicholas C. Wilson, 6351 East Vista Drive, Paradise Valley, Arizona 85253. WILSON is a "debt collector" within the meaning of California Civil Code § 1788.2(c). WILSON is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Plaintiff is informed and believes, and thereon alleges that WILSON is liable for the acts of GATESTONE because he sets and approves GATESTONE collection policies, practices, procedures and he personally participated in, and directed the unlawful activities described herein.

13. The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants, DOES 1 through 10, are unknown to Plaintiff at this time,

who therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this Complaint accordingly. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused damages thereby to the Plaintiff, as hereinafter alleged. Defendant, DOES 1-10, are, and each of them is, a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and a "third-party debt collector subject to the federal Fair Debt Collection Practices Act (15 U.S.C. Sec. 1692 et seq.)", within the meaning of California Civil Code § 1812.700(a).

14. At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venturer of his/her/its Co-Defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

15. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants, DOES 1-10, inclusive, were and are individuals, corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, have regularly conducted business in the County of Santa Clara, State of California.

### FACTUAL ALLEGATIONS

16. On a date or dates unknown to Plaintiff, Plaintiff incurred two (2) financial obligations in the form of consumer credit accounts issued by BANK OF AMERICA, N.A. (hereinafter the "debts"). The debts to BANK OF AMERICA, N.A., were incurred primarily for personal, family or

1  household purposes and are therefore each a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

17. Thereafter, Plaintiff was unable to pay the debts and defaulted on her payments to BANK OF AMERICA, N.A.

18. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debts were assigned, consigned or otherwise transferred to Defendants for collection from Plaintiff.

19. Thereafter, Defendants sent two (2) collection letters to Plaintiff in an attempt to collect the debts.

20. A true and accurate copy of Defendants' collection letter to Plaintiff for account number ending 7294 is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

21. A true and accurate copy of Defendants' collection letter to Plaintiff for account number ending 2437 is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

22. The collection letters (Exhibits "1" and "2") are each dated March 5, 2016.

23. The collection letters (Exhibits "1" and "2") were each the first written communication from Defendants to Plaintiff in connection with the collection of the respective debts.

24. The collection letters (Exhibits "1" and "2") notify Plaintiff of her specific debt in 9-point type.

25. The collection letters (Exhibits "1" and "2") provide the notice required by California Civil Code § 1812.700(a) in 8-point type.

26. The collection letters (Exhibit "1") fail to provide the notice required by California

Civil Code § 1812.700(a) in a type-size that is at least the same type-size as that used to inform Plaintiff of her specific debt or in at least 12-point type.

27. Defendants knew or should have known that their conduct was directed towards a senior citizen.

28. As a senior citizen subjected to Defendants' abusive, deceptive and unfair collection practices, Plaintiff is entitled to recover treble damages pursuant to California Civil Code § 3345.

## DEFENDANTS' ROUTINE PRACTICES

29. It is the standard practice and policy of Defendants to send initial collection communications in the form of Exhibits "1" and "2" which seek to collect defaulted consumer debts incurred for personal, family, or household purpose.

30. It is the standard practice and policy of Defendants to send initial collection communications in the form of Exhibits "1" and "2" which fail to contain the "Consumer Collection Notice" required by California Civil Code § 1812.700(a), in a type-size that is at least the same type-size as that used to inform the debtor of his or her specific debt or in at least 12-point type, in violation of California Civil Code § 1812.701(b).

## CLASS ALLEGATIONS

31. Plaintiff brings this action on behalf of a class of all other persons similarly situated.

32. Plaintiff tentatively defines the class as (i) all persons with addresses in California (ii) to whom Defendants sent, or caused to be sent, an initial written communication in the form of Exhibits "1" and "2," (iii) in an attempt to collect a defaulted consumer debt originally owed to BANK OF AMERICA, N.A., (iv) which were not returned as undeliverable by the U.S. Post Office (v) during

the period one year prior to the date of filing this action through the date of class certification.

33. Excluded from the class would be any officers, directors or legal representatives of Defendants, and any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff. Plaintiff reserves the right to modify the Class definition and Class period based on the results of discovery.

34. The class is so numerous that joinder of all members is impractical. On information and belief, collection notices in the form of Exhibits "1" and "2" have been sent to hundreds of California class members.

35. Defendants have acted with respect to the Class, in a manner generally applicable to Plaintiff and each Class member. There is a well-defined community of interest in the questions of law and fact involved in this action, which affects all class members. . Questions of law and fact common to the class predominate over any questions peculiar to individual class members. The common questions include:

   a. Whether Defendants are debt collectors; and

   b. Whether Defendants sent Plaintiff and the class initial written communications in the form of Exhibits "1" and "2" which fail to contain the "Consumer Collection Notice" required by California Civil Code § 1812.700(a), in a type-size that is at least the same type-size as that used to inform the debtor of his or her specific debt or in at least 12-point type, in violation of California Civil Code § 1812.701(b).

36. There are no individual questions of law or fact, other than whether a class member was sent the offending collection communication, which can be determined by ministerial inspection of Defendants' records.

37. Plaintiff will fairly and adequately represent and protect the interest of the Class

- 8 -
CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has retained counsel experienced in handling class claims and litigation brought pursuant to various consumer protection statutes, including the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 ("RFDCPA") and the California Fair Debt Buying Practices Act, California Civil Code §§ 1788.50-1788.64 ("CFDBPA"). Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim. Plaintiff and her counsel will vigorously pursue this matter.

38. Plaintiff's claims are typical of the claims of the other members of the Class in that Plaintiff and other Class members were similarly harmed by the actions of Defendants and the claims alleged herein all arise from the same operative facts and are based on the same legal theories. Plaintiff is a member of the Class she seeks to represent and she has suffered harm due to the unfair, deceptive and unlawful practices of Defendants.

39. Defendants have acted or refused to act, with respect to some or all issues presented in this Complaint, on grounds generally applicable to the Class, thereby making it appropriate to provide relief with respect to the Class as a whole.

40. A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the class members who received written communications in the form of Exhibits "1" and "2" have no knowledge that their rights are being violated by illegal collection practices. The interest of the class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are $1,000, pursuant to the RFDCPA, California Civil Code § 1788.17.[2] Management of this class action is likely to present significantly fewer difficulties than those presented in many other class actions.

---

[2] Incorporating by reference 15 U.S.C. § 1692k(a)(2)(A).

41. A class action is the best available method of the efficient adjudication of this litigation because individual litigation of Class members' claims would be impracticable and unduly burdensome to the courts, and have the potential to result in inconsistent or contradictory judgments. There are no unusual difficulties likely to be encountered in the management of this litigation as a class action. A class action presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

42. Certification of the Class under California Code of Civil Procedure § 382 is appropriate in that:

   a. The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

   b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

43. Certification of a class under California Code of Civil Procedure § 382 is also appropriate in that Defendants acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

44. Plaintiff and the Class are entitled to an award of attorney fees and costs against Defendants, pursuant to the RFDCPA, California Civil Code § 1788.17.[3]

## FIRST CAUSE OF ACTION

### CALIFORNIA CONSUMER COLLECTION NOTICE

45. Plaintiff brings the first cause of action against Defendants under California Civil Code §§ 1812.700-1812.702.

46. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

---

[3] Incorporating by reference 15 U.S.C. § 1692k(a)(3).

47. Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

48. Defendant, GATESTONE, is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

49. Defendant, GATESTONE, is a "third-party debt collector subject to the federal Fair Debt Collection Practices Act (15 U.S.C. Sec. 1692 et seq.)", within the meaning of California Civil Code § 1812.700(a).

50. The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

51. Defendants failed to include the notice required by California Civil Code § 1812.700(a) in their first written notice to Plaintiff in a type-size that was at least the same type-size as that used to inform Plaintiff of her specific debt or in at least 12-point type, in violation of California Civil Code § 1812.701(b).

52. As a result of Defendants' violations of California Civil Code § 1812.701(b), Plaintiff is entitled to an award of statutory damages in an amount not to exceed $1,000 against each Defendant, pursuant to California Civil Code § 1812.702.[4]

53. As a result of Defendants' violations of California Civil Code § 1812.701(b), the Class is entitled to an award of statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of each Defendant, pursuant to California Civil Code § 1788.17.[5]

54. As a result of Defendants' violations of California Civil Code § 1812.701(b), Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to California Civil Code § 1812.702.[6]

---

[4] California Civil Code § 1788.17, incorporating by reference 15 U.S.C. §§ 1692k(a)(2)(A) and (B)(i).
[5] Incorporating by reference 15 U.S.C. § 1692k(a)(2)(B)(ii).
[6] California Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3).

55. Pursuant to California Civil Code § 1788.32, the remedies provided under California Civil Code § 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

### REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Certify this case as a class action and appoint Plaintiff and Plaintiff's counsel to represent the Class;

c) Find that Defendants' collection letters attached hereto as Exhibits "1" and "2" violate California Civil Code § 1812.701(b);

d) Award Plaintiff statutory damages in an amount not to exceed $1,000 against each Defendant, pursuant to California Civil Code § 1788.17[7] for violation of California Civil Code § 1812.701(b);

e) Award the class statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of each Defendant, pursuant to California Civil Code § 1788.17,[8] for Defendants' violation of California Civil Code § 1812.701(b);

f) Enter an Order enjoining Defendants from continuing the practices at issue in this case, pursuant to California Civil Code § 3422;

g) Award Plaintiff the costs of this action and reasonable attorney's fees, pursuant to California Civil Code § 1788.17;[9]

h) Award Plaintiff treble damages pursuant to California Civil Code § 3345; and

---

[7] Incorporating by reference 15 U.S.C. § 1692k(a)(2)(A).
[8] Incorporating by reference 15 U.S.C. § 1692k(a)(2)(B)(ii).
[9] Incorporating by reference 15 U.S.C. § 1692k(a)(3).

i) Award Plaintiff such other and further relief as may be just and proper.

Dated: February 23, 2017

CONSUMER LAW CENTER, INC.

By: _____
☒ Fred W. Schwinn (SBN 225575)
☐ Raeon R. Roulston (SBN 255622)
☐ Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
LINDA LEE CARLSON

P.O. Box 101928
Dept 4947A
Birmingham, AL 35210-1928





## GATESTONE

Visit our website: www.gatestoneco.com
800-678-3052
Our hours of operation are
Mon - Thu 8:00am to 11:00pm EST
Fri, 8:00am to 5:00pm and Sat 9:00am to 2:00pm EST

Date: March 05, 2016
Reference #: IBAM-71-076245502
Creditor: Bank of America, N.A.
Account #: XXXXXXXXXXXX7294
Amount Owing: 4,251.80

21 - 60178-07E
Linda L Carlson
Apt 7
225 Lometa Ave
Sunnyvale, CA 94086-5807



Dear Sir/Mme:

Your account has been placed by Bank of America with Gatestone & Co. International Inc., a collection agency. This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose. Calls to or from our company may be monitored or recorded for quality assurance purposes.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Should you have any questions concerning your payment or your account, please telephone our office. Please make sure that your payment clearly identifies your name and that of your creditor so that payment can be properly applied to your account. All payments mailed to this office should be payable to Gatestone & Co. International Inc.

Online check payments can be made on our website at www.gatestoneco.com with the use of this security feature code 897290.

MR. LEN MANGOS
(800) 445-6367

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

---

Please Detach and Return This Portion with Payment

Linda L Carlson
Apt 7
225 Lometa Ave
Sunnyvale, CA 94086-5807

Option 1: Make Check Payable to: Gatestone & Co. International Inc.
Option 2: Pre-Authorized — Auto Pay [ ]
Routing No. _____
Name of Bank _____
Check No. _____
Account No. _____
Name of Account Holder _____
Signature _____
Payment Amount $ _____

Reference #: 71-076245502
Company: Gatestone & Co. International Inc.

Gatestone & Co. International Inc.
1000N. West Street, Suite 1200
Wilmington, DE 19801



EXHIBIT 1

By mailing your check you authorize Gatestone & Co. International Inc. to debit your account, one time for the amount of the check, via an electronic funds transfer (EFT). Funds may be withdrawn from your account as soon as the same day payment is received. In the event your check is returned unpaid for insufficient or uncollected funds, we may re-present your check. Your check will not be returned by your financial institution.

JK

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
HC

P.O. Box 101928
Dept 4947A
Birmingham, AL 35210-1928

006044

21-60178-07E
Linda L Carlson
Apt 7
225 Lometa Ave
Sunnyvale, CA 94086-5807

P.O. Box 101928
Dept 4947A
Birmingham, AL 35210-1928



000045



# GATESTONE

Visit our website: www.gatestoneco.com
800-678-3052
Our hours of operation are
Mon - Thu 8:00am to 11:00pm EST
Fri, 8:00am to 5:00pm and Sat 9:00am to 2:00pm EST

Date: March 05, 2016
Reference #: BAM/71-076245504
Creditor: Bank of America, N.A.
Account #: XXXXXXXXXXXX2437
Amount Owing: 6,378.29

21 - 60178-07E
Linda L Carlson
Apt 7
225 Lometa Ave
Sunnyvale, CA 94086-5807



Dear Sir/Mme:

Your account has been placed by Bank of America with Gatestone & Co. International Inc., a collection agency. This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose. Calls to or from our company may be monitored or recorded for quality assurance purposes.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Should you have any questions concerning your payment or your account, please telephone our office. Please make sure that your payment clearly identifies your name and that of your creditor so that payment can be properly applied to your account. All payments mailed to this office should be payable to Gatestone & Co. International Inc.
Online check payments can be made on our website at www.gatestoneco.com with the use of this security feature code 897290.

MR. LEN MANGOS
800) 445-6367

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

Please Detach and Return This Portion with Payment

Linda L Carlson
Apt 7
225 Lometa Ave
Sunnyvale, CA 94086-5807

Option 1: Make Check Payable to: Gatestone & Co. International Inc.
Option 2: Pre-Authorized — Auto Pay [ ]
Routing No. _____
Name of Bank _____
Check No. _____
Account No. _____
Name of Account Holder _____
Signature _____
Payment Amount $ _____

Gatestone & Co. International Inc.
1000N. West Street, Suite 1200
Wilmington, DE 19801

Reference #: 71-076245504
Company: Gatestone & Co. International Inc.

EXHIBIT 2

By mailing your check you authorize Gatestone & Co. International Inc. to debit your account, one time for the amount of the check, via an electronic funds transfer (EFT). Funds may be withdrawn from your account as soon as the same day payment is received. In the event your check is returned unpaid for insufficient or uncollected funds, we may re-present your check. Your check will not be returned by your financial institution.

K