# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| LINDA LEE CARLSON,<br><br>Plaintiff,<br><br>v.<br><br>GATESTONE & CO. INTERNATIONAL, INC., et al.,<br><br>Defendants. | Case No. 17-cv-01818-BLF<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>[Re: ECF 12] |

Defendants Gatestone & Co. International, Inc. and Nicholas Wilson ("Defendants") removed this action from the Santa Clara Superior Court on diversity grounds. ECF 1. Plaintiff Linda Carlson ("Carlson") now moves to remand it. ECF 12. At issue is whether the federal "amount in controversy" requirement has been satisfied. The crux of the issue is whether the Court should consider reasonably expected attorney's fees in calculating the amount in controversy, or whether it is proper to include only those attorney's fees expended at the time of removal. The Court adopts the later position, and thus GRANTS the motion to remand.

## I. BACKGROUND

Carlson brings this putative class action lawsuit alleging that Defendants violated the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Ex. A to Notice of Removal, ECF 1-1 ("Compl.") ¶¶ 1-3, ECF 1-1. Carlson alleges that she incurred debts on her consumer credit card accounts issued by Bank of America, N.A. *Id.* ¶¶ 16-17. She further alleges that Defendants had sent two collection letters to her in attempt to collect these debts. *Id.* ¶¶ 19-23. According to Carlson, Defendants knew or should have known that the letters were directed toward a senior citizen but the two letters did not provide the notice required by California law in the proper type-size. *Id.* ¶¶ 24-27; *see* Cal. Civ. Code § 1812.701.

1    After the suit was filed in Santa Clara Superior Court in February 2017, Defendants removed to this Court, asserting diversity jurisdiction over this action. Carlson now moves to remand.

## II. LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441).

District courts have diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. If the district court determines that it lacks jurisdiction, the action should be remanded back to the state court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The court "resolves all ambiguity in favor of remand." *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III. DISCUSSION

In the Complaint, Carlson asserts that she is a citizen of California, that Defendant Gatestone & Co. International Inc. is an Delaware corporation with its principal place of business located in Arizona, and that Defendant Wilson is a resident of Arizona. Compl. ¶¶ 10-12. Thus, there is complete diversity between the parties. Accordingly, the only question remaining is whether the amount in controversy requirement is satisfied.

### A. Amount in Controversy

In the motion to remand, Carlson avers that the "the maximum statutory damages an individual may recover is $1,000" and that "the maximum recovery for the Class" is capped at

2

$500,000. Mot. 9, ECF 12-1. Carlson first urges the Court to adopt the view that "future unaccrued attorney's fees are not properly in controversy for jurisdictional purposes of removal based on diversity." *Id.* at 4. Regardless of whether the Court adopts that view, Carlson further argues that Defendants fail to prove by a preponderance of evidence that inclusion of attorney's fees would cause the amount in controversy to exceed $75,000. *Id.* at 9-10.

Defendants in opposing the motion argue that the case law on whether to consider future attorney's fees remains unclear and this Court should include a reasonable estimate of future attorney's fees in the amount in controversy. Opp'n 7-9, ECF 14. Defendants further contend that they have demonstrated that the amount in controversy exceeds $75,000. *Id.* at 11. Defendants note that Carlson's counsel has admitted that his hourly rate is $600 and cite to other RFDCPA cases to estimate the number of hours in this case. *Id.* at 11-12. Defendants also provide an attorney declaration stating that the number of hours to be expended would be 160. Shultz Decl. ¶ 6, ECF 14-1.

Typically, attorney's fees are not considered part of the amount in controversy for diversity purposes, but "where an underlying statute authorizes an award of attorney's fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). It is unclear from the case law, however, what amount of attorney's fees are properly included within the amount in controversy. As acknowledged by the parties, there are two main lines of cases on this point, each of which has been adopted by at least one court in this district. The Ninth Circuit has not yet decided the issue.

Some courts conclude that only fees incurred as of the date of removal are included in the amount in controversy. *See, e.g.*, *Icard v. Ecolab, Inc.*, No. 10-0410-PJH, 2010 WL 2528968, at*2 (N.D. Cal. June 18, 2010); *Faulkner v. Astro-Med, Inc.*, No. 99-2562-SI, 1999 WL 820198, at *4 (N.D. Cal. Oct. 4, 1999); *Conrad Assoc. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998); *Dukes v. Twin City Fire Ins. Co.*, No. 09-2197-PHX, 2010 WL 94109 (D. Ariz. Jan. 6, 2010). Other courts have held that a reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *See, e.g.*, *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002).

Having considered the two approaches, the Court adopts the conclusion reached in *Icard*, where the court found that "when estimating attorney's fees for the purposes of establishing jurisdiction, the fees that should be considered are those incurred as of the date of removal." *Icard*, 2010 WL 2528968, at *2 (citation omitted). The Court's decision is based on the fact that it is well established that jurisdiction "depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (internal citation and quotation marks omitted). "This time-of-filing rule is hornbook law . . . taught to first-year law students in any basic course on civil procedure." *Id.* at 570-71 (internal citations omitted). Moreover, "[s]ubsequent events do not confer jurisdiction." *Faysound Ltd. v. United Coconut Chems., Inc.*, 878 F.2d 290, 296 (9th Cir. 1989).

Here, Defendants have not provided any evidence showing that the amount of attorney's fees incurred in this matter at the time of removal caused the amount in controversy to exceed $75,000. That attorney's fees are authorized under § 1788.17 of the California Civil Code, as well as the request for reasonable attorney's fees in the complaint, does not affect the outcome because Defendants' account of future attorney's fees is entirely speculative. Cal. Civil Code § 1788.17 (incorporating 15 U.S.C. § 1692k(a)(3)) ("in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."). Defendants submit that Carlson's counsel charges $600 per hour, and that the attorney's hours expended would likely be 160 hours or more, which would equal an amount sufficient to overcome the $75,000 threshold, when combined with Carlson's damages claim. Shultz Decl. ¶ 6. However, each case is different, and it is impossible to speculate as to what amount of work will ultimately be expended on the litigation of this case. Additionally, Defendants merely assume that every hour expended by Carlson's counsel in the litigation would be billed at the attorney's standard hourly rate. Defendants fail to address the possibility that an attorney with a lower billable rate would work on the case. Finally, even assuming that Carlson's counsel would charge $600 per hour, to satisfy the amount in controversy requirement, Defendants fail to substantiate their estimate that Carlson's counsel will indeed expend the requisite number of hours on this case. Furthermore, the other RFDCPA cases cited by Defendants and the declaration

4

do not constitute evidence of the actual fees incurred at the time of removal. *See* Reply 3, ECF 15. While those cases and the declaration may suggest certain exemplary fee amounts at the completion of a case, they may not be analogous to the case here and provides no basis for an amount at the time of removal.

Given that the damages amount set forth in the complaint does not exceed $75,000 and that Defendants have not met their burden of proving, by a preponderance of the evidence, that the attorney's fees at the time of removal would cause the amount in controversy to exceed the jurisdictional threshold, the Court does not have subject matter jurisdiction over this action.

### B. Attorney's Fees under 28 U.S.C. § 1447(c)

Carlson argues that this Court should award her costs and actual expenses and attorney's fees in the amount of $8,702.90 for Defendants' improper removal. Mot. 11. The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). That is, even if a removing party's arguments are determined to be "losers," they are "not objectively unreasonable solely because [they] lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

The Court does not find that an award of attorney's fees would be appropriate here. Notwithstanding the Court's decision to remand the case, Defendants' basis for removal was grounded in a rational legal theory and was not objectively unreasonable under the circumstances presented by this case. Certain authorities within this District could reasonably be construed to support Defendants' argument that reasonable anticipated attorney's fees may be included within the calculation for the amount in controversy. There is also no evidence of "unusual circumstances" otherwise warranting such an award. Plaintiff's request for attorney's fees and costs is therefore DENIED.

### IV. ORDER

For the foregoing reasons, the Court REMANDS this case back to the Santa Clara Superior Court for lack of subject matter jurisdiction. Carlson's request for attorney's fees in connection

5

with the remand motion is DENIED.

The Clerk shall REMAND this case to Santa Clara Superior Court. All other matters are TERMINATED and VACATED, and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: June 16, 2017

BETH LABSON FREEMAN
United States District Judge